[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10502
Non-Argument Calendar

_____

D. C. Docket No. 04-20629-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANOS URBAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2005)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Janos Urban appeals his convictions for one count of conspiracy to commit an offense against the United States, that is, possessing counterfeited securities of organizations, in violation of 18 U.S.C. § 371, and 15 counts of possession of counterfeited securities of organizations, in violation of 18 U.S.C. § 513(a).

The only issue he raises on appeal is the sufficiency of the evidence to support each of the convictions. In reviewing a conviction for sufficiency of the evidence, we examine the evidence de novo in the light most favorable to the government, to determine whether a reasonable jury could have concluded beyond a reasonable doubt that the defendant was guilty of the crimes charged. United States v. Toler, 144 F.3d 1423, 1428 (11th Cir. 1998).

To support a conviction of conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to commit an unlawful act and that the alleged conspirator committed an overt act in furtherance of the conspiracy. United States v. Sarro, 742 F.2d 1286, 1293 (11th Cir. 1984). Evidence of a preexisting relationship among conspirators may be a factor in determining whether a conspiracy existed. United States v. Pantoja-Soto, 739 F.2d 1520, 1525 (11th Cir. 1984). Furthermore, "[i]nferences from the conduct of the alleged participants or from other circumstantial evidence of a scheme may provide the basis for establishing that a conspiratorial agreement existed." Id.; see also United

2

States v. Villegas, 911 F.2d 623, 628 (11th Cir. 1990) (holding that participation in a criminal conspiracy need not be proven by direct evidence). Moreover, a defendant can be convicted of participation in a conspiracy even though his participation in the scheme is slight by comparison to the actions of other co-conspirators, so long as the defendant's intent to participate is proven beyond a reasonable doubt. Toler, 144 F.3d at 1428. To support a charge of possession of counterfeit securities, the government must prove beyond a reasonable doubt that, the defendant: (1) possessed; (2) with intent to deceive; (3) a counterfeit or forged security; (4) of an organization. 18 U.S.C. § 513(a); see e.g. United States v. Prosperi, 201 F.3d 1335 (11th Cir. 2000).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Evidence introduced against Urban, if believed, showed: that he handed bags containing counterfeit certificates and receipts to alleged co-conspirator Horvath at a mall, that he was carrying counterfeit receipts when he was detained, that he lied to investigators concerning his relationship to Horvath and about how he had gotten to the mall, that he and Hovarth traveled around the country together, that he told Hovath while they were detained not to stop answering the investigators' questions, and that he possessed counterfeit certificates and receipts in his motel room. That evidence is sufficient for a

3

reasonable jury to find Urban guilty of the crimes with which he was charged.

**AFFIRMED.**